Charles CAMPBELL, Petitioner–
Appellant,

v.

James **BLODGETT,** Superintendent, Washington State Penitentiary, Walla Walla, Washington; Kenneth O. Eikenberry, Attorney General, State of Washington, Respondents–Appellees.

No. 89–35210.

United States Court of Appeals,
Ninth Circuit.

May 7, 1993.

James E. Lobsenz, Carney, Badley, Smith & Spellman, Seattle, WA, for petitioner-appellant.

Paul D. Weisser and John M. Jones, Asst. Attys. Gen., Olympia, WA, for respondents-appellees.

Before: WALLACE, Chief Judge, BROWNING, TANG, POOLE, D.W. NELSON, REINHARDT, BEEZER, WIGGINS, THOMPSON, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

ORDER

A majority of the en banc court has voted to deny respondents-appellees' motion for reconsideration of order of remand.

O'SCANNLAIN, Circuit Judge, with whom KLEINFELD, Circuit Judge, joins, dissenting:

A majority of the en banc court "has chosen to address whether hanging is cruel and unusual punishment under the Eighth Amendment" and has concluded that it "would be assisted ... if it had the benefit of an evidentiary hearing." The majority, however, has failed to identify any error committed by the district court that would entitle Campbell to a remand. I dissented from the order of remand and would now grant the state's well-taken motion for reconsideration. I cannot agree that an appellate court should frame issues not before it or determine how the record is made.

In our system of justice, an appellate court decides issues properly presented to it by the parties on the record they made before the trial court. When a party has had the opportunity for a full and fair evidentiary hearing, we are bound by the record the party has chosen to make. In this, Campbell's second federal habeas petition, an evidentiary hearing *was* held by the district court on March

---

27, 1989.. At that time, the district court indicated that it would hear *any* evidence Campbell chose to offer. Campbell offered evidence regarding his waiver of the right to be present during voir dire and the ineffective assistance of counsel; he chose to make only the barest of allegations concerning the constitutionality of hanging. ·

Over ten years have elapsed since Campbell was sentenced to death on December 17, 1982. He filed his first federal habeas petition in 1985, which was eventually denied by this court in 1987. *See Campbell v. Kincheloe,* 829 F.2d 1453 (9th Cir.1987) (rejecting the contention that Washington's capital punishment statute is unconstitutional), *cert. denied,* 488 U.S. 948, 109 S.Ct. 380, 102 L.Ed.2d 369 (1988). The claim he raises, that hanging is unconstitutional, is both obvious and fundamental and was indeed raised in earlier state proceedings. Thus, while I recognize that the evidentiary hearing was held on short notice, I simply cannot accept Campbell's contention that he was not given adequate time to present this claim when he filed this new petition in 1989. Presentation of claims seriatim, saving some for many years until just before the scheduled execution, if indulged, thwarts reasoned resolution.

Campbell had the strongest of incentives to pursue all of his claims fully, yet he chose to focus on claims other than the constitutionality of hanging. He has not shown cause for failing to present evidence concerning this issue despite the clear opportunity to do so. For these reasons, I would decide this appeal on the record presently before us. Indeed, the Constitution binds us to decide only the case presented to us, not other issues that may interest us. It is no more legitimate for us to choose to reach issues not properly pursued by a litigant than it is for us to remand for an evidentiary hearing because we believe the record can be made better given a second opportunity.

Over a year ago, the Supreme Court reminded us that the State of Washington has sustained "severe prejudice" by the stay of execution in this case, which is now over four years old. *In re Blodgett,* —— U.S. ——, ——, 112 S.Ct. 674, 676, 116 L.Ed.2d 669 (1992). While the further delay to be caused by this remand order may not be egregious, it is symptomatic of this court's handling of this case. The Supreme Court has definitively ruled that the death penalty itself is not unconstitutional. *See, e.g., Gregg v. Georgia,* 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976). R.C.W. § 10.95 is the duly enacted law of the State of Washington. The people of Washington have a legitimate interest in seeing their criminal statutes carried out in a timely manner. *See Blodgett,* —— U.S. at ——, 112 S.Ct. at 676. Absent any indication by this court that the district court erred—by holding that Campbell was denied a hearing on this issue altogether or that the hearing given was somehow inadequate as a matter of law—I can see no basis to remand for a new evidentiary hearing.

I respectfully dissent.